UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY MEDINA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:23-cv-00896-CDB<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(Doc. 12) |

Bradley Medina ("Plaintiff"), appearing pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income under the Social Security Act. (Doc. 1).[1]

On June 15, 2023, the Court issued a scheduling order setting forth the parties' briefing deadlines. (Doc. 5). Further, the Court notified the parties "[v]iolations of this [scheduling] order or of the federal rules of procedure or the Local Rules may result in sanctions pursuant to Local Rule 110." *Id*. at 3.

On August 14, 2023, the Commissioner, complying with the Court's scheduling order, timely lodged a copy of the administrative record. (Doc. 11).

---

[1] Following the parties' expression of consent to the jurisdiction of the United States Magistrate Judge, on August 4, 2023, this action was reassigned to Magistrate Judge Christopher D. Baker for all purposes pursuant to 28 U.S.C. § 636(c)(1). (Doc. 10).

Notwithstanding that the Court directed Plaintiff to file a motion for summary judgment within 30 days of the Commissioner's filing of the administrative record, as of the date of this Order, Plaintiff has not filed a motion for summary judgment and the deadline by which to do so has long passed.

On February 1, 2024, the Court issued an order requiring Plaintiff within 14 days to show cause why this case should not be dismissed for failure to comply with the Court's orders. (Doc. 12). The Court noted: "**<u>Failure to comply with this order will result in dismissal of this action</u>**." *Id*. at 2 (emphasis in original). Plaintiff has failed to file any response to the Court's order, and the deadline by which to do so has passed.

Courts weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Allen v. Bayer Corp*. (*In re: Phenylpropanolamine (PPA) Prods. Liab. Litig*.), 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted). These factors are "not a series of conditions precedent before the judge can do anything," but for a judge to think about what to do. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

The public's interest in expeditious resolution of litigation weighs in favor of dismissal of this action. The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Plaintiff was provided thirty (30) days to file a motion for summary judgment. (Doc. 5). Almost seven months have passed since that deadline and Plaintiff has failed to file a motion for summary judgment – including in response to the Court's recent show cause order. Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest….It is incumbent upon the Court to manage its docket without being subject to routine

noncompliance of litigants...." *Pagtalunan v. Galaza*, 291 F.3d 639, 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Here, Plaintiff has failed to respond to the Court's February 1, 2024 Order. The Court is experiencing an ongoing judicial emergency and heavy caseload. Plaintiff's failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, a defendant suffers prejudice if a plaintiff's actions impair a defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990). Indeed, a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's failure to comply with a court order and to prosecute this case imposes sufficient prejudice upon Defendants. Therefore, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead stopped complying with this Court's orders and the Local Rules. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Lastly, the availability of less drastic sanctions weighs in favor of dismissal. "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131-32 (9th Cir. 1987) (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). At this stage in the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditures of its scarce resources. Considering Plaintiff's failure to participate in this case and in forma pauperis status (Doc. 3), monetary sanctions are of little use. Moreover,

the Court only recommends dismissal without prejudice.  Because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

      After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, it is HEREBY ORDERED:

      1.  This action is DISMISSED without prejudice for failure to prosecute and failure to comply with a court order; and

      2.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 22, 2024**  

UNITED STATES MAGISTRATE JUDGE